# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **JUAN MARTINEZ,** | CASE NO: CV01-308-S-EJL |
| **Petitioner,** | CR95-045-S-EJL |
| vs. | **MEMORANDUM ORDER** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

Pending before the Court in the above-entitled matter is Petitioner Juan Ramon Martinez's Motion for Resentencing (Docket No. 504) filed on January 3, 2006. The Court has reviewed the motion and finds it should be denied.

Petitioner, who has already filed a § 2255 motion which was denied by this Court now seeks for resentencing in the interests of justice. The Petitioner argues recent Supreme Court rulings should be retroactively applied to his case and he should be resentenced by the Court. The motion is denied as regardless of what the motion is captioned, it a second or successive § 2255 petition and Petitioner did not seek leave of the Ninth Circuit to file a successive petition. Specifically, before a second or successive 2255 motion can be filed in District Court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A).

Second, the motion is denied as the authority cited by the Petitioner cannot be retroactively applied to cases on collateral review. The law is well-settled that the current Supreme Court rulings DO NOT apply retroactively to cases on collateral review. While Petitioner may find this result unfair, the courts have consistently ruled otherwise. In <u>United States v. Cruz</u>, 423 F.3d 117 (9th Cir. 2005), the Ninth Circuit held the <u>United States v. Booker</u>, ___U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) decision is not retroactive to cases on collateral review. This ruling is consistent with the earlier rulings that the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) is not retroactive. <u>See</u> <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664 (9th Cir. 2002). It is further consistent with the rulings by the Ninth Circuit that <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) is not retroactive. <u>See</u> <u>Cook v. United States</u>, 386 F. 3d 949 (9th Cir. 2004); <u>Schardt v. Payne</u>, 414 F.3d 1025 (9th Cir. 2005) (<u>Blakely</u> could not be applied retroactively on collateral review to decision that was final before <u>Blakely</u> was decided). In the present case, the Petitioner's direct appeal was final prior to the issuance of the <u>Blakely</u> decision in June of 2004. Therefore, the Court cannot reconsider Petitioner's sentence.

Third, the motion is denied as this Court lacks jurisdiction to rule on such a motion. Rule 35(a) of the Fed. R. Crim. P. provides for resentencing to correct clear error within seven days after sentencing ro upon a motion by the government to reduce a sentence due to substantial assistance. Rule 36 provides for correction for clerical errors. Neither rule applies to this Petitioner's claims.

MEMORANDUM ORDER-Page 2
06ORDERS\MARTINEZ_resent.WPD

Being fully advised in the premises, the Court hereby orders Petitioner's Motion for Resentencing (Docket No. 504) is DENIED.

DATED: **February 6, 2006**

Honorable Edward J. Lodge
U. S. District Judge